Russell J. Emmons
Emmons Law office
P.O. Box 1920
Lakeside, CA 92021
619-757-7327
Russell@emmonslawoffice.com

Attorney for Plaintiff
CHRISTOBAL MUNOZ

UNITED STATES FEDERAL COURT
SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOBAL MUNOZ,

        Plaintiff,

    vs.

BARONA BAND OF MISSION INDIANS,

        Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **'17 CV 2092 BAS AGS**

**COMPLAINT.**

1. **VIOLATION OF INDIAN CIVIL RIGHTS ACT**
2. **VIOLATION OF INDIAN CIVIL RIGHTS ACT**
3. **VIOLATION OF INDIAN CIVIL RIGHTS ACT**
4. **VIOLATION OF INDIAN CIVIL RIGHTS ACT**
5. **VIOLATION OF INDIAN CIVIL RIGHTS ACT**

COMES NOW PLAINTIFF CHRISTOBAL MUNOZ AND COMPLAINS AND ALLEGES AS

FOLLOWS:

## I.    NATURE OF THE ACTION

1. This is an individual action brought by Christobal Munoz (Plaintiff) a former employee of the Barona Band of Mission Indians. Plaintiff alleges violations of the Indian Civil Rights Act by the Tribe's internal policies, and failure to provide a forum for due process grievances.

## II.    PARTIES

2. Plaintiff is and at all material times alleged herein, was a resident of the County of San Diego.

Complaint for Damages and Injunctive Relief

1

3.  At all material times alleged herein the Defendant was a First Nation tribe subject to the Indian Civil Rights Act.

### III.    JURISDICTION, VENUE, AND EXHAUSTION OF TRIBAL REMEDIES

4.  This action arises out of a claim filed in Tribal Court.

5.  In February 2017, the Plaintiff filed a set of claims for personal injury, worker's compensation retaliation, and wrongful termination with the Tribal Court.

6.  The Tribe's counsel filed a demurrer on statute of limitations grounds for all three causes of action..

7.  On April 21, 2017 the Tribal Court granted the demurrer on three separate grounds.

8.  The Tribal Court dismissed the Plaintiff's personal injury claim stating the injury was not serious, or caused by the Casino. The Tribal Court also argued that this claim was barred by a six month statute of limitations. The Plaintiff was not allowed to submit medical evidence at the demurrer phase.

9.  The medical issue was not raised in the Defendant's demurrer and the Plaintiff was not allowed to introduce any medical evidence in support of its position

10. The Tribal Court ruled  the Plaintiffs worker's compensation claim was barred by a thirty day statute of limitations.

11. Finally, the Tribal Court ruled that Plaintiff's wrongful termination claim could not be heard by the Court because it was barred by  a five day statute of limitations.

12. The Plaintiff then filed a separate set of claims in Tribal Court alleging due process violations in the Tribe's procedures by ruling on medical evidence at the demurrer phase, and that the thirty day, six month, and five day statutes of limitations violated the Plaintiff's substantive due process rights.

13. The Tribal Court refused to hear the case saying arguing that it had no venue for due process claims and was not bound by ICRA's waiver of its sovereign immunity.

14. Plaintiff filed a final set of claims challenging the Court's refusal citing case law showing that the Tribe's immunity from lawsuit in federal court was premised on its willingness to provide a venue for the plaintiff's claims.

15. The Tribal Court likewise stated that it had no venue for due process claims.

16. Congress has waived sovereign immunity under the Indian Civil Rights Act (ICRA) to allow tribal and non-tribal persons to sue for due process purposes in Tribal Court.

17. *Under Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 50, 98 S. Ct. 1670, 1673, 56 L. Ed. 2d 106 (1978), the seminal Federal Jurisdiction Case, the insulation of the Tribe's due process from Federal Court review is based on the assumption that the tribe will provide an adequate venue for due process claims to be heard.

18. The Tribal Court has repeatedly refused to acknowledge ICRA's waiver of its sovereign immunity.

19. The Tribal Court has further refused to provide any venue where the Plaintiff's Claims may be heard.

20. The Plaintiff now files this action in Federal Court.

21. The Defendant and Plaintiff are located in the Southern District of California, therefore venue in the Southern District of California is proper.

### IV.   FACTUAL ALLEGATIONS

22. The Plaintiff was employed as a heavy equipment operator with at the Barona Resort & Casino, owned and operated by the Defendant.

23. On October 21, 2015 the Plaintiff suffered an injury when he slipped on a wet surface

while working.

24. The Plaintiff suffered permanent damage to his knees as a result of the fall.

25. Shortly after his fall, the Plaintiff filed a worker's compensation claim the Defendant and began receiving payments and medical treatment while his worker's compensation claim was being investigated.

26. On or about March 2016, the Defendant denied Plaintiff's worker's compensation claim. The Plaintiff had thirty days to challenge that decision.

27. During the thirty day appeal window, the Defendant's claims adjuster contacted the Plaintiff multiple times and threatened and harassed Plaintiff regarding his claim.

28. In particular, the claims adjuster told the Plaintiff that he would face jail time if the Plaintiff appealed the worker's compensation decision.

29. Plaintiff this issue with Defendant's Human Resource Department who informed him that he should drop his claim to avoid jail time and file for state disability, and that the Defendant would contest any unemployment benefits.

30. Plaintiff asked what his next steps would be and was informed by the HR department at Barona that he should seek medical treatment and could return to work once he recovered.

31. From Mach 2016 to September 2016 the Plaintiff continued to seek treatment at his own expense in the hopes of returning to his job.

32. On September 15, 2016, Defendant terminated the Plaintiff for being on medical leave.

33. On or about February, 2017, Plaintiff then filed an initial set of claims with the Tribal Court, alleging claims of including worker's compensation retaliation, negligence, and wrongful termination.

Complaint for Damages and Injunctive Relief

4

34. On April 21, 2017, the Tribal Court dismissed all three claims in a written order. In particular, the Tribal Court ruled on the evidence in a demurrer saying the Plaintiff's injury was not serious, and not incurred while working, despite no medical evidence being in issue in the demurrer and none being submitted.

35. On or about May 2017, Defendant's attorney replied that the Tribal Court had no internal procedures for appeal, an thereby dismissed the Plaintiff's appeal.

36. After receiving Defendant's attorney's response Plaintiff submitted two new claims challenging the due process of the Tribe's internal procedures, and challenging the due process of the Tribe's judicial procedures.

37. On or about June 2017, the Tribe argued it had not waived its sovereign immunity for due process claims and had no forum to hear these claims.

38. On or about July 2017, Plaintiff submitted a third set of claims alleging the same due process violations and citing case law indicating that the ICRA had waived the Tribe's sovereign immunity.

39. On July 21, 2017 the Defendant responded again that it had no forum for due process challenge, and that it still had not waived its sovereign immunity.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE INDIAN CIVIL RIGHTS ACT

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39, as though fully set forth herein.

41. Defendant is subject to the Indian Civil Rights Act by express Congressional Intent.

42. On information and belief, Plaintiff alleges that, during times material here, Defendant Violated the Indian Civil Rights Act by ruling on medical evidence in a demurrer.

43. As a direct and further proximate result of the above violations Plaintiff has suffered

Complaint for Damages and Injunctive Relief

5

Loss of his worker's compensation claim, legitimate personal injury claim, and legitimate wrongful termination claim.

44. These damages were incurred as a result of Defendant's intentional interference with the Plaintiff's rights.

45. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, punitive damages, costs of suit, and injunctive relief.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE INDIAN CIVIL RIGHTS ACT

46. Plaintiff hereby incorporates by reference paragraphs 1 through 45, as though fully set forth herein.

47. Defendant is subject to the Indian Civil Rights Act by express Congressional Intent.

48. On information and belief, Plaintiff alleges that, during times material here, Defendant Violated the Indian Civil Rights Act by having an unconscionable statute of limitations of six months for its personal injury claims.

49. As a direct and further proximate result of the above violations Plaintiff has suffered Loss of his legitimate personal injury claim.

50. These damages were incurred as a result of Defendant's intentional interference with the Plaintiff's rights.

51. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, punitive damages, costs of suit, and injunctive relief.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE INDIAN CIVIL RIGHTS ACT

52. Plaintiff hereby incorporates by reference paragraphs 1 through 51, as though fully set forth herein.

53. Defendant is subject to the Indian Civil Rights Act by express Congressional Intent.

Complaint for Damages and Injunctive Relief

6

54. On information and belief, Plaintiff alleges that, during times material here, Defendant Violated the Indian Civil Rights Act by having unconscionable statutes of limitations of thirty days for its worker's compensation appeals.

55. As a direct and further proximate result of the above violations Plaintiff has suffered Loss of his legitimate worker's compensation claim.

56. These damages were incurred as a result of Defendant's intentional interference with the Plaintiff's rights.

57. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, punitive damages, costs of suit, and injunctive relief.

## Fourth CAUSE OF ACTION
### VIOLATION OF THE INDIAN CIVIL RIGHTS ACT

58. Plaintiff hereby incorporates by reference paragraphs 1 through 57, as though fully set forth herein.

59. Defendant is subject to the Indian Civil Rights Act by express Congressional Intent.

60. On information and belief, Plaintiff alleges that, during times material here, Defendant Violated the Indian Civil Rights Act by having unconscionable statutes of limitations of five days for its wrongful termination claims.

61. As a direct and further proximate result of the above violations Plaintiff has suffered Loss of his legitimate wrongful termination claim.

62. These damages were incurred as a result of Defendant's intentional interference with the Plaintiff's rights.

63. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, punitive damages, costs of suit, and injunctive relief.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE INDIAN CIVIL RIGHTS ACT

Complaint for Damages and Injunctive Relief

7

64. Plaintiff hereby incorporates by reference paragraphs 1 through 63, as though fully set forth herein.

65. Defendant is subject to the Indian Civil Rights Act by express Congressional Intent.

66. On information and belief, Plaintiff alleges that, during times material here, Defendant Violated the Indian Civil Rights Act by providing no forum for due process claims, contrary to express congressional intent.

67. As a direct and further proximate result of the above violations Plaintiff has suffered Loss of his legitimate wrongful termination claim, personal injury claim, and worker's compensation claim.

68. These damages were incurred as a result of Defendant's intentional interference with the Plaintiff's rights.

69. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, punitive damages, costs of suit, and injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against the Defendants as follows:

1.  For actual damages in the amount of $3,500,000 for legal claims precluded by the Tribe's disregard for federal law.

2.  For injunctive relief; and

3.  For statutory attorneys' fees and costs of suit, if applicable.

Dated: October 3, 2017

EMMONS LAW OFFICE

By:_____
Russell J. Emmons
Attorney for Plaintiff CHRISTOBAL MUNOZ

Complaint for Damages and Injunctive Relief

8