Kathryn Clenney, SBN 174177
Barona Band of Mission Indians
1095 Barona Road
Lakeside, CA 92040
Tel.: 619 328-3987
FAX: 619-443-2719
kclenney@barona-nsn.gov

Attorney for Specially-Appearing Defendant
Barona Band of Mission Indians

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christobal Munoz,<br><br>            Plaintiff,<br><br>      v.<br><br> BARONA BAND OF MISSION INDIANS<br><br>            Defendant. | Case No. 17CV2092-BAS-AGS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BARONA BAND OF MISSION INDIANS' MOTION TO DISMISS [Rule 12(b)(1 and 6]<br><br>Hearing Date:  December 11, 2017<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Dept.  4B<br>Hon. Cynthia Bashant |

## INTRODUCTION

The Barona Band of Mission Indians is a federally-recognized Indian tribe (the "Tribe"), which occupies the Barona Indian Reservation north of Lakeside, California in San Diego County.

The Tribe provides self-funded Workers Compensation Insurance, with appeals to the Barona Workers Compensation Appeals Board, to compensate injured employees.

The Tribe also has a Tort Claims Ordinance that requires tort claims to be filed within 180 days of the injury. If the claimant is rejected by the insurer or an impasse is reached, he/she may appeal to the Barona Tribal Court. Appeals must be filed within thirty days of the denial or impasse.

Plaintiff, Christobal Munoz, was employed by the Tribe. He claimed that he fell at work and injured his left knee on October 21, 2015. He denied any prior treatment of his knee. As a result, Mr. Munoz received workers' compensation benefits while his claim was investigated.

During the investigation, Mr. Munoz's medical records were obtained. They revealed that Mr. Munoz had a pre-existing condition. As a result, his workers compensation benefits ceased.

On April 21, 2016, Mr. Munoz was notified that his claim was denied based on a pre-existing condition. The letter further included a generic statement that knowingly making false or fraudulent statements to obtain workers compensation benefits is unlawful.

Mr. Munoz was further advised that pursuant to the Barona Band of Mission Indians Workers Compensation Ordinance, appeals must be filed within thirty (30) days of receipt of the denial. Mr. Munoz did not appeal the decision and it became final on or about May 21, 2016.

Mr. Munoz did not return to work.  On or about September 15, 2016, he was offered a modified position; however, he refused and his employment was subsequently terminated.

In December, 2016, Plaintiff's counsel contacted the Tribe.  He was advised that his client sat on his rights and was now too late to file a claim.  Despite this, three separate claims were filed on Plaintiff's behalf on or about January 20, 2017, for FEHA & Title VII disability discrimination.

The claims were denied by the Tribe's insurer and pursuant to the Tribe's Tort Claims Ordinance were appealed to the Barona Tribal Court, where they were also denied.

On May 18, 2017, Plaintiff filed three more claims attempting to appeal the prior Tribal Court decision.  The Tribe's Tort Claims Ordinance does not allow for appeals, so these claims were summarily rejected.

On June 22, 2017, an additional claim was received alleging that the appeal denial violated the Indian Civil Rights Act.  This claim was also summarily rejected.

Counsel for Plaintiff stated on more than one occasion that he was going to file suit in federal court.  He was advised that this court lacks jurisdiction and that the only remedy for violations of the Indian Civil Rights Act is habeas corpus.

The present suit was then filed.

## BARONA POSSESSES SOVEREIGN IMMUNITY
## FROM UNCONSENTED SUIT

It is well established that, as a general proposition, Indian tribes possess sovereign immunity from unconsented suit. "Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Oklahoma Tax Commission v. Citizen Band of Potawatami Indian Tribe,* 498 U.S. 505, 509 (1991). See also *In re Greene*, 980 F.2d 590, 592 (9th Cir., 1992); *Burlington Northern Railroad Co. v. Blackfeet Tribe*, 924 F.2d 899, 901 (9th Cir., 1991); *Pan American Co. v. Sycuan Band of Mission Indians*, 894 F.2d 416, 418 (1989); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978); *Kiowa Tribe v. Manufacturing Technologies,* 523 U.S. 751, 754 (1998).

Clearly, Barona as a federally-recognized Indian tribe enjoys immunity from suit, absent Congressional abrogation or the Tribe's explicit consent to suit. There has been neither in this case.

## HABEAS CORPUS IS THE ONLY REMEDY FOR
## VIOLATION OF THE INDIAN CIVIL RIGHTS ACT

Plaintiff claims that the Tribe violated the Indian Civil Rights Act by refusing to provide a venue for due process claims. Even if Plaintiff's claims were found to be true, the only remedy available in federal courts for the violation of the Indian Civil Rights Act is a writ of habeas corpus. *Hein v. Capitan Grande*

*Band of Diegueno Mission Indians*, 201 F3d 1256, (9th Circ, 1999); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978).

Plaintiff claims violations of due process because he is not happy with the Tribe's designated statute of limitations. Even if these time frames were unconscionable as Plaintiff claims, "inadequacy of tribal remedies does not effect a waiver of the Tribe's sovereign immunity" and the Indian Civil Rights Act does not waive a tribe's sovereign immunity. *Demontiney v. U.S.,* 255 F.3d 801, 814 (9th Circ., 2001).

The Ninth Circuit Court of Appeals addressed a due process claim in *Pink v. Modoc Indian Health Project, Inc.* 157 F. 3d. 1185, 1189 (9th Cir. 1998). The Pink court said:

> ICRA only provides a basis for an individual to bring a habeas corpus civil claim. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); R.J. Williams Co. v. Fort Belknap Housing Auth., 719 F.2d 979, 981 (9th Cir.1983). This court therefore rejects Pink's contention, raised for the first time on appeal, that her due process rights under ICRA were violated.

The only instance in which the Indian Civil Rights Act waives sovereign immunity is in a habeas corpus action. Since plaintiff's suit seeks money damages, with no allegations that would give rise to a habeas corpus petition, the matter is not properly before this court and should be dismissed.

The *Demontiney* court stated*:*

> But, we have generally found federal court jurisdiction for alleged violations of ICRA only in habeas corpus actions, not in civil actions.  See 25 U.S.C. § 1303; see also Santa Clara Pueblo, 436 U.S. at 69-72, 98 S.Ct. 1670; Pink, 157 F.3d at 1189.  Moreover, Demontiney provides no support for the proposition that the Tribe's incorporation of ICRA into its constitution and bylaws shows an intent to waive sovereign immunity in federal court.  Implying such an intent here would improperly undermine sovereign immunity for many Indian nations.  We hold that ICRA does not waive the Tribe's sovereign immunity.
> *Demontiney v. U.S.* 255 F.3d 80, 814 (9th Circ., 2001)

This is consistent with U.S. Supreme Court precedent:

> It is settled that a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. Testan, 424 U.S. 392, 399 (1976), quoting, United [436 U.S. 49, 59] States v. King, 395 U.S. 1, 4 (1969). Nothing on the face of Title I of the ICRA purports to subject tribes to the jurisdiction of the federal courts in civil actions for injunctive or declaratory relief. Moreover, since the respondent in a habeas corpus action is the individual custodian of the prisoner, see, e.g., 28 U.S.C. 2243, the provisions of 1303 can hardly be read as a general waiver of the tribe's sovereign immunity. In the absence here of any unequivocal expression of contrary legislative intent, we conclude that suits against the tribe under the ICRA are barred by its sovereign immunity from suit. *Santa Clara Pueblo v. Martinez* 436 U.S. 49 (1978).

### FAILURE TO PROVIDE A FORUM IS NOT A BASIS FOR FEDERAL COURT JURISDICTION

Plaintiff claims that Barona did not provide a forum for adjudication of his claims.  A forum was in fact provided, but the Tribe has no appellate forum.

Even if there were no forum at all to hear Plaintiff's civil claims, this would not constitute a waiver of sovereign immunity.  The Ninth Circuit said:

> Because Demontiney's claims are civil and he does not pursue a habeas action under ICRA, inadequacy of tribal remedies does not effect a waiver of the Tribe's sovereign immunity. *See Johnson v. Gila River Indian Cmty.,* 174 F.3d 1032, 1035 (9th Cir.1999). As we explained in *Johnson:*
>
>> As sovereign nations, Indian tribes possess common law immunity from suit in federal court. Accordingly, the district court correctly dismissed Johnson's claims against the Tribe pursuant to the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1302(5) and 1302(8). The only recognized exception to a sovereign immunity defense under the ICRA is a habeas corpus action. Because Johnson does not seek such relief, and the Tribe has not waived its sovereign immunity defense, the district court properly dismissed Johnson's claims against the Tribe. *Demontiney v. U.S.*, 255 F.3d 801 (9th Cir. 2001).

Limitations on a waiver of sovereign immunity by a sovereign, such as those asserted by Barona, must be respected and strictly construed.  Citing *Lane v. Peña,* 518 U.S. 187, 116 S.Ct. 2092, (1996), the U.S. Supreme Court stated that a waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 1662 (2011).

The only waiver of sovereign immunity granted by Barona is in tribal court. This Court therefore lacks subject matter jurisdiction to hear this case.

## THIS MOTION TO DISMISS IS PROPER UNDER FRCP RULE 12(b)

This motion is proper under Rule 12 (b)(1,2, and 6) of the Federal Rules of Civil Procedure.

This court lacks subject matter jurisdiction to hear this claim. This motion under Rule 12(b)(1) is therefore appropriate.

The Barona Band of Mission Indians is a federally-recognized Indian tribe. As such, it is immune from suit. Courts have held that such immunity precludes subject matter jurisdiction in an action brought against an Indian tribe. *Alvarado v. Table Mountain Rancheria,* 509 F.3d 1008, 1015-1016 (9th Cir., 2007). See also *E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1302-1303 (10th Cir., 2001).

Despite Plaintiff's claim, the Indian Civil Rights Act does not waive Barona's sovereign immunity except for habeas corpus suits. This is a civil suit seeking money damages, Barona is therefore immune from suit.

## PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff claims that Barona's 180 day statute of limitations for tort claims is unconscionable. This statute of limitations is not without precedent. In fact, the state of California also has a six-month statute of limitations for most tort claims. *California Government Code*, Section 911.2.

Plaintiff also takes exception that appeals of Workers Compensation decisions must be filed within thirty days. This is the same time limit used by the Federal Courts for Civil Appeals. *Federal Rules of Appellate Procedure, Rule 4*.

Plaintiff claims violation of the Indian Civil Rights Act, but there is no petition for habeas corpus and the statute of limitations about which he complains mirrors state and federal time frames. Clearly, Plaintiff has failed to state a claim on which relief could be granted.

## CONCLUSION

Barona has not consented to this suit. It is a federally-recognized Indian tribe, possessing sovereign immunity from all unconsented suits. The Indian Civil Rights Act does not waive the Tribe's sovereign immunity except in cases seeking habeas corpus relief.

Even if personal and subject matter jurisdiction existed, Plaintiff has not demonstrated a violation of federal law. Therefore, Plaintiff has failed to state a claim on which relief can be granted.

For the reasons noted above, the Barona Band of Mission Indians urges this Court to dismiss this action.

Dated: November 7, 2017                    Respectfully submitted,

                                                          s/Kathryn Clenney
Attorney for Specially-Appearing Defendant, Barona Band of Mission Indians
kclenney@barona-nsn.gov