# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOBAL MUNOZ,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BARONA BAND OF MISSION INDIANS,<br><br>　　　　　　　Defendant. | Case No. 17-cv-2092-BAS-AGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[ECF No. 4]** |

Plaintiff Christobal Munoz brought this action against Defendant Barona Band of Mission Indians (the "Tribe") alleging violations of the Indian Civil Rights Act ("ICRA"). The Tribe has moved to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6). (ECF No. 4.) Plaintiff has opposed the motion (ECF No. 5) and Defendant has responded (ECF No. 7). For the reasons herein, the Court grants the motion to dismiss for lack of subject matter jurisdiction on the ground that the Tribe possesses sovereign immunity from Plaintiff's suit.

I.   **BACKGROUND**

Plaintiff is a former employee of the Defendant Tribe. (Compl. ¶¶1, 3.) Plaintiff was employed as a heavy equipment operator with the Barona Resort & Casino, which the Tribe owns and operates. (*Id.* ¶22.) He alleges that he suffered an injury in October 21, 2015 while working. (*Id.* ¶¶23–24.) He received workers

compensation and medical treatment while his claim was investigated; his claim was subsequently denied around March 2016. Defendant allegedly terminated Plaintiff in September 2016 "for being on medical leave." (*Id*. ¶31.)

In February 2017, Plaintiff filed claims in the Tribal Court, alleging personal injury, workers compensation retaliation, and wrongful termination by the Tribe. (*Id*. ¶¶5, 33.) The Tribal Court dismissed each of these claims on April 21, 2017 in a written order. (*Id*. ¶¶7, 34.) The Tribal Court ruled that Plaintiff's personal injury claim was not serious, had not occurred while he was working at the Casino, and was barred by a six-month statute of limitations. (*Id*. ¶¶8, 34.) The Tribal Court allegedly ruled on this claim without allowing him to submit medical evidence. (*Id*. ¶9.) The Tribal Court ruled that Plaintiff's workers compensation claim was barred by a thirty-day statute of limitations and his wrongful termination claim was barred by a five-day statute of limitations. (*Id*. ¶¶10–11.) Plaintiff then filed claims in Tribal Court alleging due process violations based on the Tribal Court's ruling on medical evidence at the demurrer stage and the Tribe's statutes of limitations. (*Id*. ¶¶12, 36.) The Tribe asserted that it had not waived sovereign immunity for his due process claims and there was no forum for his claims. (*Id*. ¶¶13, 37.) Thereafter, Plaintiff reasserted his claims in Tribal Court regarding due process violations and claimed that the Indian Civil Rights Act ("ICRA") had waived the Tribe's sovereign immunity. (*Id*. ¶¶14, 38.) The Tribe and Tribal Court disavowed this. (*Id*. ¶¶15, 39.)

Plaintiff filed his Complaint in this Court on October 12, 2017. (ECF No. 1.) He asserts violations of his due process rights under ICRA based on the same conduct he challenged in Tribal Court. (*Id*. ¶¶40–69.)

## II.  LEGAL STANDARD

Under Rule 12(b)(1), a complaint may dismissed for lack of subject matter jurisdiction if it fails to allege facts sufficient to establish that jurisdiction exists. FED. R. CIV. P. 12(b)(1); *Savage v. Glendale Union High Sch*., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A federal court is presumed to lack subject matter jurisdiction until

the contrary affirmatively appears. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Because the Court's power to hear the case is at stake, the Court is not limited to considering the allegations of the complaint but may consider extrinsic evidence. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, whereas in a factual challenge, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction. *Id.* When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*; *Larimer v. Konocti Vista Casino Resort, Marina & RV Park*, 814 F. Supp. 2d 952, 954 (N.D. Cal. 2011). An action may be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend if it is clear that the jurisdictional deficiency cannot be cured by amendment. *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980).

### III. DISCUSSION

Defendant moves to dismiss the Complaint on the ground that the Court lacks subject matter jurisdiction over this case in view of the Tribe's sovereign immunity, which it argues has not been abrogated either by Congress or the Tribe. (ECF No. 4.) Although the Tribe also asserts a Rule 12(b)(6) challenge to Plaintiff's claims regarding the Tribe's statutes of limitations, the Court declines to decide that issue because the Court concludes that it lacks jurisdiction over the Complaint.

## A. The Tribe is Generally Entitled to Tribal Sovereign Immunity

A sovereign can assert immunity from suit "at any time during judicial proceedings." *Cook v. AVI Casino Enters.*, 548 F.3d 718, 724 (9th Cir. 2008) (quoting *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999)). Because Indian tribes exercise inherent sovereign authority over their members and territories, "[s]uits against Indian tribes are . . . barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n v. Citizen Band of Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978)); *see also Kiowa Tribe v. Mfg. Techs.*, 523 U.S. 751, 754 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."). "The immunity . . . extends to suits for declaratory and injunctive relief," and "is not defeated by an allegation that [the tribe] acted beyond its power." *Imperial Granite Co. v. Pala Band of Missions Indians*, 940 F.2d 1269, 1271 (9th Cir. 1991). This immunity extends to tribal governing bodies and to tribal agencies which act as an arm of the tribe. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006). If found to exist, tribal sovereign immunity defeats the existence of subject matter jurisdiction. *Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008, 1015–16 (9th Cir. 2007).

The inclusion of a tribe on the Federal Register list of recognized tribes is generally sufficient to establish entitlement to sovereign immunity. *Larimer*, 814 F. Supp. 2d at 955; *Ingrassia v. Chicken Ranch Bingo & Casino*, 676 F. Supp. 2d 953, 957 (E.D. Cal. 2009) (citing *Cherokee Nation v. Babbit*, 117 F.3d 1489, 1499 (D.C. Cir. 1997)). In support of the Tribe's motion to dismiss, the Tribe's General Counsel declares that the Tribe is a federally-recognized Indian Tribe and submits as an exhibit a 2017 Federal Register excerpt identifying "Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs." (ECF No. 4-2 ¶¶3–4; ECF No. 4-3.) The Tribe appears on that list under its formal name,

the Barona Group of Capitan Grande Band of Mission Indians of the Barona Reservation, California. (ECF No. 4-3 at 2.) Plaintiff does not dispute that the Tribe is a federally-recognized tribe and implicitly recognizes that the Tribe generally enjoys sovereign immunity by arguing extensively in the Complaint and his opposition about waiver. (Compl. ¶¶16–18, 38; ECF No. 5 at 7.) Accordingly, the Court finds that the Tribe has established that it is generally entitled to tribal sovereign immunity from suit.

In opposition to the Tribe's motion to dismiss, Plaintiff argues that "many laws of general applicability are in fact enforceable against Indian Tribes even without a specific waiver of sovereign immunity" and that somehow this is determinative of jurisdiction in this case. (ECF No. 5 at 4.) Plaintiff points the Court to the Ninth Circuit's decision in *Donovan v. Coeur d'Alene Tribal Farm*, which found that the defendant Indian Tribe in that case was not exempt from federal regulations concerning the Occupational Safety and Health Act. 751 F.2d 1113 (9th Cir. 1985). That federal laws of general applicability apply to Indian Tribes, however, does not resolve the jurisdictional issue. *Donovan* unremarkably underscores the long-standing view that Congress has the power to modify or extinguish tribal sovereignty. *Id.* at 1115 ("Unlike the states, Indian tribes possess only a limited sovereignty that is subject to complete defeasance."); *see also Lone Wolf v. Hitchcock*, 187 U.S. 553, 565 (1903) ("Plenary authority over the tribal relations of the Indians has been exercised by Congress from the beginning, and the power has always been deemed a political one, not subject to be controlled by the judicial department of the government"). Whether Congress has specifically exercised this plenary authority is the fundamental question a court must address when a case implicates tribal sovereignty. In the context of whether a party may sue an Indian tribe in federal or state court, the question is whether Congress has expressly abrogated tribal sovereign immunity for the particular claims a plaintiff presses. *Okla. Tax Comm'n*, 498 U.S. at 509. The Court must therefore consider whether Congress has specifically done

so here with respect to Plaintiff's ICRA claims.

### B. ICRA Does Not Abrogate the Tribe's Sovereign Immunity from Plaintiff's Non-Habeas Claims

Plaintiff seeks to assert ICRA claims against the Tribe on the ground that ICRA waived the Tribe's sovereign immunity. His claims are foreclosed by clear and controlling precedent on ICRA.

In enacting ICRA, Congress established a set of statutory protections for Indians against their tribal governments, which roughly parallel the constitutional rights identified in the Bill of Rights in the United States Constitution. *See Wasson v. Pyramid Lake Paiute Tribe*, 782 F. Supp. 1144, 1147 (D. Nev. 2011). The Act provides in relevant part that "[n]o Indian tribe in exercising powers of self-government shall . . . deprive any person of liberty or property without due process of law." 25 U.S.C. §1302(a)(8). Plaintiff asserts that he seeks to vindicate due process rights under this ICRA provision. But ICRA "[can]not be interpreted to impliedly create a federal cause of action against an Indian tribe or its officers for deprivation of the Act's substantive rights." *Barker v. Menominee Nation Casino*, 897 F. Supp. 389, 395 (E.D. Wis. 1995) (citing *Santa Clara Pueblo*, 436 U.S. at 59). As the Supreme Court expressly held in *Santa Clara Pueblo*, "[n]othing on the face of Title I of the ICRA purports to subject tribes to the jurisdiction of the federal courts" for such actions. 436 U.S. at 59. While Congress enacted ICRA to provide tribal members with certain protections available under the U.S. Constitution, Congress was also concerned with maintaining the sovereign status of a tribe to create and maintain its own government. *Santa Ynez Band of Mission Indians v. Torres*, 262 F. Supp. 2d 1038, 1044 (C.D. Cal. 2002) (citing *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 882–83 (2d Cir. 1996). Congress struck a balance in the limited remedy it provided under ICRA: habeas corpus proceedings. *See* 25 U.S.C. §1303 ("[T]he writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian

tribe."). The waiver of tribal sovereign immunity effectuated by ICRA is accordingly limited to habeas corpus actions under Section 1303 against the individual custodian of a prisoner. *Santa Clara Pueblo*, 436 U.S. at 59; *Johnson v. Gila River Indian Cmty.*, 174 F.3d 1032, 1035 (9th Cir. 1999) ("The only recognized exception to a sovereign immunity defense under the ICRA is a habeas corpus action."); *Pink v. Modoc Indian Health Project*, 157 F.3d 1185, 1189 (9th Cir. 1997) ("ICRA only provides a basis for an individual to bring a habeas corpus civil claim"); *R.J. Williams Co. v. Ft. Belknap Hous. Auth.*, 719 F.2d 979, 981 (9th Cir. 1983) ("Although §202(8) of the Act, 25 U.S.C. §1302(8), provides that no Indian tribe in exercising powers of self-government shall deprive any person of liberty or property without due process of law, we have recognized that the *Santa Clara Pueblo* holding 'foreclosed any reading of the [Act] as authority for bringing civil actions in federal court to request . . . forms of relief [other than habeas corpus].'" (quoting *Snow v. Quinault Indian Nation*, 709 F.2d 1319, 1323 (9th Cir. 1983), *cert. denied*, 467 U.S. 1214 (1984))); *Santa Ynez Band of Mission Indians*, 262 F. Supp. 2d at 1044; *Williams v. Pyramid Lake Paiute Tribe*, 625 F. Supp. 1457, 1458 (D. Nev. 1986) ("[T]he only remedy Congress intended to redress violations of ICRA is a petition for a writ of habeas corpus . . . . although a Tribe is bound by ICRA, a federal court has no jurisdiction to enjoin violations or to award damages for violations of that Act.").

Here, Plaintiff brings a civil suit against the Tribe seeking damages as well as declaratory and injunctive relief. He does not seek release from custody, nor is he in the custody of the Tribe. His action thus clearly runs afoul of the limitations on the jurisdiction of this Court to entertain his suit notwithstanding the Tribe's alleged violations of ICRA. Plaintiff acknowledges that ICRA speaks only of habeas corpus actions in federal court, yet contends that no case analyzing ICRA has ever addressed the factual situation alleged here—a Tribe that has 'intentionally attempted to abrogate a Plaintiff's rights by refusing to establish a forum." (ECF No. 5 at 5.) He intimates that the Court should permit his suit because of the Tribe's alleged conduct.

The Court is not persuaded.

As the Tribe observes in reply (ECF No. 7 at 3), the Tenth Circuit once recognized a "narrow exception" to ICRA's limited provision for habeas proceedings as articulated by the Supreme Court in *Santa Clara Pueblo*. Specifically, in *Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes*, the Tenth Circuit determined that *Santa Clara Pueblo*'s holding did not foreclose federal jurisdiction in that case because "the issue relates to a matter outside of internal tribal affairs and . . . it concerns an issue with a non-Indian" and the plaintiffs would "have no remedy within the tribal machinery." 623 F.2d 682, 685 (10th Cir. 1980). Subsequent Tenth Circuit cases, however, have limited *Dry Creek* to its facts, substantially undermining its viability in the Circuit in which it arose. *See, e.g., Enter. Mgmt. Consultants v. United States*, 883 F.2d 890, 892 (10th Cir. 1989) (limiting *Dry Creek* to its "highly unusual" facts). More importantly for this Court, the Ninth Circuit has declined to follow *Dry Creek*'s exception to *Santa Clara Pueblo* on multiple occasions. *See Demontiney v. United States*, 255 F.3d 801, 815 n.6 (9th Cir. 2001) ("In the past, we have declined to follow *Dry Creek*[], in recognizing a federal right of action for civil claims under ICRA where no other meaningful remedies are available . . . . We again decline to follow *Dry Creek* here."); *Johnson,* 174 F.3d at 1035 n.2 ("[E]xcept in habeas corpus actions, this circuit has not recognized relief under the Act against a tribe in a civil action."); *see also Williams*, 625 F. Supp. at 1458 (declining to adopt *Dry Creek* because Ninth Circuit "expressly rejected" it and finding the case inapplicable to plaintiff Indian).

In reliance on *Demontiney v. United States*, 255 F.3d at 814, Plaintiff contends that the Ninth Circuit has recognized that insufficient tribal remedies is a ground to permit a suit to proceed in federal court. (ECF No. 5 at 6.) Plaintiff, however, omits *Demontiney*'s key qualification that inadequate tribal remedies may provide a basis for federal jurisdiction only insofar as a case "involves habeas review under ICRA." *Id.* (citing *St. Marks v. Chippewa Cree Tribe of Rocky Boy Reservations, Mont*., 545

F.2d 1188, 1189 (9th Cir. 1976)). Because Plaintiff does not press a habeas claim under ICRA, his reliance on *Demontiney*'s discussion regarding inadequate tribal remedies is misplaced.

Faced with no authoritative basis for his assertions, Plaintiff baldly asserts that his ICRA claims should be permitted on "public policy grounds" because of the Tribe's alleged refusal to establish a venue to "frustrate [his] claims." (ECF No. 5 at 9–10.) He asserts that a failure to permit his suit would undermine the congressional intent and purpose underlying ICRA. (*Id.* at 5, 10.) The Court rejects this argument.

Courts lack the authority to modify tribal sovereign immunity even when a case raises questions of "fundamental substantive justice." *Lewis v. Norton*, 424 F.3d 959, 963 (9th Cir. 2005) ("[W]e are not in a position to modify well-settled doctrines of tribal sovereign immunity. This is a matter in the hands of a higher authority than our court."); *see also Cook*, 548 F.3d at 725–26 (rejecting policy-based arguments that tribal sovereign immunity should not extend to tribal commercial activity because "restrictions on tribal immunity are for Congress alone to impose"); *Fluent v. Salamanca Indian Lease Auth.*, 928 F.2d 542, 547 (2d Cir. 1991) ("The only branch with the ability to provide a forum for resolution of the issues involved here is Congress."). Whatever the validity of Plaintiff's questionable allegations that the Tribe intentionally refused to establish a forum to litigate his ICRA due process claims, there is no public policy "exception" to tribal sovereign immunity in federal court save for whatever policy is expressly reflected in the text of a congressional statute. The only statute on which Plaintiff purports to sue the Tribe is ICRA. The text, structure, and history of that statute affirm that tribal sovereign immunity from suit is not waived save for habeas proceedings. *Santa Clara Pueblo*, 436 U.S. at 59, 61. It is within the province of Congress, not this Court, to determine whether to effectuate a more expansive waiver of tribal sovereign immunity under ICRA. Although waiting for Congress to decide this issue may leave Plaintiff without a forum for his claims, this result is one contemplated by sovereign immunity. *Makah*

*Indian Tribe v. Verity*, 910 F.2d 555, 560 (9th Cir. 1990) ("Sovereign immunity may leave a party with no forum for [that party's] claims."). Accordingly, the Court concludes that Plaintiff has failed to show that ICRA abrogates the Tribe's immunity from his suit.

### C. The Tribe Has Not Waived Its Sovereign Immunity from Plaintiff's Claims

Although Congress did not waive the Tribe's sovereign immunity from Plaintiff's suit, the question of whether the Tribe has done so is a final issue the Court must resolve. A sovereign may waive its immunity from suit by voluntarily invoking jurisdiction or by making a "clear declaration that it intends to submit itself to jurisdiction." *Cook*, 548 F.3d at 724 (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). This declaration "must be explicit and unequivocal." *Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1087 (9th Cir. 2013) (reviewing tribal agreements with state fire department and finding no waiver of tribal sovereign immunity). The Tribe has not voluntarily invoked this Court's jurisdiction, nor has the Tribe made an explicit and unequivocal declaration to submit itself to jurisdiction in federal court for the claims that Plaintiff raises here.

To the contrary, the Tribe's Workers Compensation Ordinance and Tort Claims Ordinance unequivocally show otherwise. The Tribe has supplied copies of both ordinances, each of which contains a clause specifically addressing the tribe's sovereign immunity from suit for workers compensation and tort claims. Section 20 of the Workers Compensation Ordinance provides that: "Nothing hereunder is intended or interpreted to be a waiver of Sovereign Immunity of the Barona Band of Mission Indians . . . from unconsented suit in Tribal, Federal or State court . . . except to the extent expressly stated herein." (ECF No. 4-4 at 17.) The Ordinance otherwise states that the remedies available from the workers compensation system it establishes are the "exclusive means of redressing employee work-related injuries."

(*Id.* at 1.)  Section IV of the Tort Claims Ordinance expressly provides that "[t]he Barona Band of Mission Indians . . . may be sued solely in Barona Tribal Court.  The Tribe does not waive immunity from suit in any state or federal court." (ECF No. 4-5 at 3.)  Although Plaintiff dresses his claims as due process claims under ICRA, he asserts that he has suffered damages from the "loss" of his "rights" under the Tribe's worker compensation and tort claims ordinances, thus bringing his claims within their ambit.  (Compl. ¶¶43–44, 49–50, 55–56, 61–62, 67–68.)  The unequivocal declarations in both ordinances demonstrate that the Tribe has not waived its sovereign immunity from suit in federal court for claims arising from workers compensation and torts claims.  *See Wasson*, 782 F. Supp. 2d at 1148 (finding no waiver of tribal sovereign immunity in the tribal constitution and finding that the tribal election code "indicates an intention not to waive immunity from suit as to election disputes"); *Adams v. Moapa Band of Paiute Indians*, 991 F. Supp. 1218, 1223 (D. Nev. 1997) (finding no waiver of tribal sovereign immunity where provision of tribe constitution expressly precluded it).  Accordingly, the Court concludes that the Tribe has not waived its sovereign immunity with respect to Plaintiff's claims here.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 4) and **HEREBY DISMISSES** the Complaint (ECF No. 1) with prejudice for lack of subject matter jurisdiction based on tribal sovereign immunity.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

DATED:  March 8, 2018

Hon. Cynthia Bashant
United States District Judge